UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY PATTERSON and FRANK ADINOLFI,

                Plaintiffs,

- against -

FRANCISCO CRUZ, YRZ WORLDWIDE INC., and YRC INC.,

                Defendants.

**OPINION AND ORDER**

15 Civ. 9405 (ER)

Ramos, D.J.:

    Plaintiffs Nancy Patterson and Frank Adinolfi bring this action against Defendants Francisco Cruz, YRZ Worldwide Inc., and YRC Inc. seeking to recover damages for injuries sustained by Patterson in a car accident.[1] After filing the instant action in state court, Defendants removed the action to this Court based on diversity jurisdiction. However, Patterson sustained injuries in a subsequent car accident and now wishes to bring one action against the counter-parties involved in both accidents in state court.[2] Before the Court is Plaintiffs' motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).

    For the reasons stated below, Plaintiffs' motion for voluntary dismissal without prejudice is GRANTED.

---

[1] Patterson is seeking damages for personal injuries sustained in the accident and Adinolfi, Patterson's husband, claims damages for loss of consortium.

[2] The counter-parties in the second accident, like Plaintiffs here, are New York residents, and thus adding them to this action would defeat diversity jurisdiction.

## I. Factual and Procedural Background[3]

On August 3, 2015, Patterson and her husband, Adinolfi, were in a car accident involving a rear-end collision on the Cross Bronx Expressway. Declaration of Nancy Patterson in Support of Motion for Voluntary Dismissal ("Patterson Decl."), (Doc. 24), ¶ 1. As a result of this accident, Patterson suffered severe and potentially permanent neurological injuries, including injuries to her head, neck, and back. *Id.* On October 29, 2015, Plaintiffs brought an action in Bronx County Supreme Court against Defendant Cruz, the driver and a New Jersey citizen, and Defendants YRZ Worldwide Inc. and YRC Inc., the owners of the vehicle, and both Delaware corporations with their principal place of business in Kansas. Declaration of Lisa B. D'Alessio in Support of Motion for Voluntary Dismissal ("D'Alessio Decl."), ("Doc. 23"), ¶ 2. On December 1, 2015, Defendants removed the action to the Southern District of New York on the basis of diversity jurisdiction and filed a counterclaim against Adinolfi. *Id.*

Less than three weeks later, on December 28, 2015, Patterson was involved in a second car accident, in which she was rear-ended by a vehicle on White Plains Road in the Bronx, New York. Patterson Decl. ¶ 2. The driver of the other vehicle, a New York citizen, immediately fled the scene. *Id.* Patterson again sustained injuries to her head, neck, and back. *Id.* at ¶ 4. Patterson claims that the accident caused her "further neurological issues" or "has exacerbated the neurological issues caused by the first car accident." *Id.* at ¶ 4. After some time, Plaintiffs

---

[3] The following facts are drawn from allegations contained in the Complaint, Doc. 1, which the Court accepts as true for purposes of the instant motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). The parties have also submitted several declarations and an affirmation with their motions, *see* Docs. 23, 24, 25, & 28, which the Court may take judicial notice of, because they are documents filed in court. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

were able to identify the driver in the second accident using video footage and by running the driver's license plate through the New York State Department of Motor Vehicles database. *Id.* at ¶ 3. On March 11, 2016, Plaintiffs' counsel sought consent of all parties to allow them to dismiss this action voluntarily in order to bring an action against the parties involved in both accidents in state court. D'Alessio Decl., ¶ 4. Counsel for Defendants refused to consent to dismissal claiming that Plaintiffs were forum shopping. *Id.* at ¶ 5; Affirmation in Opposition ("Def. Aff.") (Doc. 25), ¶ 9. On April 19, 2016, Plaintiffs filed the instant motion. (Doc. 21)

## II. Legal Standard

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that once a defendant has answered, absent the defendants' consent, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Lan v. Time Warner, Inc.*, No. 11 Civ. 2870 (AT) (JCF), 2016 WL 554588, at *1 (S.D.N.Y. Feb. 9, 2016). Voluntary dismissal without prejudice is "not a matter of right," *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990), however the presumption in this Circuit is that voluntary dismissal should be granted absent a showing that "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)). The Second Circuit in *Zagano* identified additional factors relevant for the determination of whether voluntary dismissal is appropriate: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Id.* (quoting *Zagano*, 900 F.2d at 14).

## III. Discussion

The Court finds that Plaintiffs have adequately satisfied the five *Zagano* factors. First, Plaintiffs assert that the timeline of events establishes that they have been diligent in bringing this motion. Although approximately two and a half months elapsed between the second accident and Plaintiffs' email to Defendants' counsel requesting consent to dismiss the case voluntarily, the driver in the second accident fled the scene and Plaintiffs have adequately explained the steps taken to identify him and acted diligently, upon identification, to alert the Court and Defendants before filing the instant motion. *See Ascentive, LLC v. Opinion Corp.*, No. 10 Civ. 4443 (ILG), 2012 WL 1569573, at *4 (E.D.N.Y. May 3, 2012) (considering "whether a plaintiff moved to dismiss within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action"); *see also Am. Fed'n of State, Cty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12 Civ. 2237 (JPO), 2013 WL 2391713, at *3 (S.D.N.Y. June 3, 2013) (finding that plaintiff acted diligently by seeking voluntary dismissal roughly two months after a similar case was stayed—the event that prompted plaintiffs to seek dismissal).

Second, Plaintiffs claim that their reason for pursuing the negligence actions together is not due to "ill-motive," but rather an "attempt to obtain complete relief" for Patterson by bringing one suit against both drivers. Memorandum in Support of Motion for Voluntary Dismissal (Doc. 21) ("Pl. Memo."), at 4. Indeed, nothing suggests that Plaintiffs initiated this litigation to harass Defendants. Further, Defendants' claim that Plaintiffs are attempting to destroy diversity is unavailing. *See Am. Fed'n of State,* 2013 WL 2391713, at *3 (noting that "courts in this jurisdiction do not ordinarily consider potential forum shopping implications in deciding Rule 41(a)(2) motions").

Third, Plaintiffs allege that the burden on and expense for Defendants is minimal because discovery has not yet progressed past the beginning stages, there has been no motion practice, and only one conference has been held. Pl. Memo. at 4. Fourth, because the action is in its beginning stages, Plaintiffs contend that there will be minimal duplicative expenses of relitigation in state court. Defendants disagree and claim that they would be prejudiced by dismissal because they have incurred expenses defending the instant action. They explained that due to a $6 million deductible with their insurance policy, which includes attorney's fees and expenses, Defendants have had to pay their legal fees and expenses out of their pockets without reimbursement from the insurance company. Def. Aff., ¶ 8. As a result, if the Court dismisses the action without prejudice, Defendants would have spent money in legal fees and expenses "for no reason" and will also have to incur similar pre-trial expenses in the state court action. *Id.*

The third and fourth *Zagano* factors weigh in Plaintiffs' favor. At the time Plaintiffs moved for voluntary dismissal, the case had been pending in this Court for less than four months and discovery was – and still is – in its early stages. *See Doe v. Quest Diagnostics, Inc.*, No. 15 Civ. 8992 (LGS), 2016 WL 3636673, at *3 (S.D.N.Y. June 29, 2016) (dismissing action without prejudice because, among other things, suit was "in its early stages and no discovery has taken place"). Thus, the parties have not incurred significant costs and duplicative efforts in state court will be minimal. Further, Defendants' claim that they will be prejudiced by incurring additional expenses to start litigation in state court is insufficient to deny Plaintiffs' motion. *See D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (noting that the Supreme Court "recognized long ago that starting a litigation all over again does not constitute legal prejudice").

Fifth, Plaintiffs claim that their reason for dismissal is adequate because allowing for one suit minimizes the risk of inconsistent findings. Pl. Memo. at 4. Relying on *Nazario v. Deere &*

5

*Co.*, 295 F. Supp. 2d 360, 363-64 (S.D.N.Y. 2003), Defendants claim that Plaintiffs' motivation for dismissal is improper in that they are attempting "to destroy diversity" and are engaging in forum shopping for trial.  Def. Aff., ¶ 7.  In *Nazario*, plaintiff, who sustained injuries in an automobile accident, initiated an action against a medical facility in state court.  *Id.* at 362.  Approximately one year later, plaintiff brought a separate state suit, arising out of the same accident, against the owners of the automobile.  After the owners removed the action to federal court, plaintiff moved to join the non-diverse medical facility to the federal action.  *Id.*  The court denied plaintiff's motion and held that joinder for the sole purpose of defeating diversity jurisdiction was impermissible.  Because plaintiff moved for joinder only after removal (not while the two actions were in state court) and after the court had denied plaintiff's motion for remand, the court concluded that plaintiff moved for joinder for the sole purpose of defeating jurisdiction.  *Id.* at 365.  Here, Defendants contend that Plaintiffs' motion was made for the same impermissible purpose and thus the reasoning in *Nazario* applies.

The Court finds that Plaintiffs' explanation for the request is adequate.  As an initial matter, *Nazario* is inapplicable.  Here, unlike plaintiffs in *Nazario*, Plaintiffs could not have moved to join the parties involved in the second accident in their state court action because the second accident occurred approximately one month *after* the action was removed to this Court.  In fact, once Plaintiffs identified the parties involved in the second accident, they diligently proceeded to join the parties by seeking remand.  Even if Plaintiffs expressed a preference for litigating their action in state court, this factor is insufficient to deny remand because Plaintiffs have shown that joinder of the parties would be appropriate.  *See Kregg v. Am. Suzuki Motor Corp.*, No. 07 Civ. 501 (A), 2008 WL 4239375, at * 3 (W.D.N.Y. Sept. 11, 2008) ("even if plaintiff is motivated by a desire to return the matter to state court, its preferred forum, this factor

is insufficient to avoid joinder and remand" where joinder is appropriate). In cases of interrelated or exacerbation of injuries, as Patterson alleges here, New York courts favor joint trials to prevent inconsistent verdicts regarding the extent of each defendant's liability. *See, e.g., Gottlieb v. Budget Rent-A-Car*, 794 N.Y.S. 2d 425, 425 (2d Dep't 2005) (consolidating two personal injury actions involving separate automobile accidents due to physician affirmation that "second automobile accident exacerbated the injuries sustained by [plaintiff] in the first automobile accident"); *Hopper v. Reg'l Scaffolding & Hoisting Co.*, 707 N.Y.S. 2d 633, 634 (1st Dep't 2000) (denying defendant's motion to sever because although injuries arose from two separate incidents, there was an issue as "to whether injuries allegedly sustained in the second incident were exacerbations of injuries sustained in the first incident").

Accordingly, because all of the *Zagano* factors weigh in favor of Plaintiffs, Plaintiffs' motion to dismiss without prejudice is GRANTED.

## IV. Conclusion

For the reasons set forth above, Plaintiffs' motion for voluntary dismissal without prejudice is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 21, and close the case.

It is SO ORDERED.

Dated:   November 2, 2016
         New York, New York

Edgardo Ramos, U.S.D.J.